**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| NORA HERNANDEZ, *et al*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) 2:12-cv-01933-PMP-VCF |
| v. | ) |
| | ) **ORDER AND** |
| | ) **REPORT & RECOMMENDATION** |
| BRIAN SANDOVAL, *et al*, | ) |
| | ) (Motion/Application to Proceed *In* |
| Defendants. | ) *Forma Pauperis* #1) |
| | ) |

Before the court is plaintiffs Nora Hernandez and Robin M. Lee's Motion/Application to Proceed *In Forma Pauperis* (#1).

Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in federal district court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. 28 U.S.C. § 1915(a)(1). Although a plaintiff may appear *pro se* on his own behalf, an individual "has no authority to appear as an attorney for others than himself." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (quoting *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir. 1987)). Thus, each individual plaintiff must have his own application sworn to by him and containing his financial information demonstrating that he is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1); *see Williams v. Pierce County Board of Commissioners*, *et al*, 267 F.2d 866 (9th Cir. 1959).

Plaintiffs Hernandez and Lee filed a single motion/application to proceed in forma pauperis on November 9, 2012. (#1). The names of both plaintiffs are listed on the application, but only plaintiff

Lee's signature is on the form. *Id.* It is unclear whether the financial information listed belongs to one or both plaintiffs. *Id.* Additionally, the application states that plaintiffs are incarcerated, even though only plaintiff Hernandez is actually incarcerated. *Id.* Accordingly, plaintiffs' request to proceed *in forma pauperis* is denied without prejudice pursuant to § 1915(a). Plaintiffs will each need to fill out and sign their own individual applications and may re-submit to the court, at which time the court will then screen the complaint pursuant to § 1915(e).[1]

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiffs Nora Hernandez and Robin M. Lee's Application to Proceed *In Forma Pauperis* (#1) is DENIED *without prejudice*.

DATED this 21st day of November, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Dismissal of a *pro se* complaint is appropriate if it is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is disguised." *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir.1969). Plaintiffs may wish to redraft the complaint so it is in a comprehensible, legible form.